

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP -6 AM 10: 04

LORETTA G. WHYTE
CLERK

40246

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS

CHARLES LINCOLN,
     Plaintiff, *Pro Se*

v.

LYDIA SELLE,
SHARON QUAIL,
PATRICIA L. FIRMIN,                      CIVIL ACTION
RICK PAULK,                              NO. 06-1414
PAULK'S MOVING & STORAGE, INC.,     SECTION C
GULF COAST RELOCATION SYSTEMS, INC.,
DATA MANAGEMENT ARCHIVES
     OF NEW ORLEANS, L.L.C.
EXHIBIT TRANSPORTATION & STORAGE, INC.,
dba SHOWTIME EXPRESS,
     Defendants

## ANSWER

**NOW INTO COURT**, through undersigned counsel, come defendants, Lydia Selle,

Sharon Quail, Patricia L. Firmin, Rick Paulk, Paulk's Moving & Storage, Inc., Gulf Coast

Relocation Systems, Inc., Data Management Archives of New Orleans, L.L.C. and Exhibit

Transportation & Storage, Inc. dba Showtime Express, who respond to the Complaint for

Damages, filed by Charles Lincoln, as follows:

_____ Fee_____
_____ Process_____
_X_ Dktd_____
_____ CtRmDep_____
_____ Doc. No._____

## FIRST AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over the plaintiffs' claims.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon relief which can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff does not have a right of action against the defendants named herein.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barrd by prescription and/or the applicable statute of limitation.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the RICO statutes, 18 U.S.C. 1962 et seq. are without merit, deficient and must be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to make any allegations of any relationship or wrongdoing or existence of any contract against Data Management of New Orleans, L.L.C., and Exhibit Transportation & Storage, Inc., dba Showtime Express.

And now further answering, defendants aver as follows:

1.

No answer to the allegations of this paragraph is required, however, out of abundance of caution and all connotations of liability contained herein are denied.

2.

While allegations of this paragraph are denied and defendants specifically aver that there is no federal question legitimately presented for courts consideration and any Federal question alleged is merely a pretext. Diversity jurisdiction does not attach, as the amount legitimately in controversy in no way approaches nor exceeds the minimum jurisdictional amount for diversity jurisdiction in this court. Thus this court lacks subject matter jurisdiction over the accident.

3.

Upon information and belief the allegation of this paragraph are admitted as to venue but not denied and any all respects insofar as they may contain any implication that any transaction or occurrences that legitimately give rise to this lawsuit and the complaint made by plaintiff.

4.

The allegations of this paragraph are denied due to lack of sufficient information to justify belief therein. It is further specifically averred that one of the facts of the circumstances described in this paragraph pertaining any fashion to any of the named defendants. To the extent any implication is made that these facts and circumstances in this paragraph be pertained to any of the defendants who do not ration any cause or right of action, and they are prescribed or barred by the applicable statue of limitations.

5.

The allegations of this paragraph are denied for lack of sufficient information to justify belief therein.

6.

The allegations of this paragraph are denied for lack of sufficient information to justify belief therein.

7.

The allegations of this paragraph are denied for lack of sufficient information to justify belief therein. These defendants specifically aver that the plaintiff, Charles Lincoln, signed an authorization for service to have his belongings picked up from 5534 Camp Street; out of an abundance of caution any and all connotation of liability contained herein are denied.

8.

The defendants deny the allegations of this paragraph and call for strict and specific proof thereof.

9.

The allegations of this paragraph are denied for lack of sufficient information and justify belief therein. The allegations of this paragraph are further denied as fully irrelevant to these defendants and the alleged damages complained of by plaintiff in this matter.

10.

The allegations of this paragraph are denied are lack of sufficient information and justify belief therein; defendants call for strict and specific proof thereof and specifically aver that this recitation of plaintiffs educational history and undocumented collection of art was all irrelevant to this matter except insofar as it is a pretext for plaintiff's inability to document any alleged property loss in any other fashion.

## 11.

The allegations in this paragraph are denied and defendants call for strict and specific proof for each and every element thereof.

## 12.

The allegations of this paragraph are denied due to lack of sufficient information to justify belief therein.

## 13.

The allegations of this paragraph are denied and due to lack of sufficient information and justify belief therein, except to note that plaintiff did incur storage fees with, Paulk's Moving and Storage, Inc. and was billed for same. It is specifically denied that plaintiff received any notice of deficiency from any of the other named corporate defendants in this matter.

## 14.

The allegations of this paragraph are denied insofar as they concern any of the defendants other than Paulk's Moving and Storage, Inc. At no time did plaintiff have any relationship with any of the other named corporate defendants other than Paulk's Moving and Storage, Inc. In addition, any all connotations of liability contained in this paragraph are denied as to all defendants except insofar as plaintiff has not made payment for his storage fees to Paulk's Moving and Storage, Inc.

## 15.

The allegations in this paragraph are denied as written; it is specifically plead that plaintiff failed to pay due storage fees and the allegations of "proposals for a new contract, a

reformed contract and cancellation of the old contract" are nothing more than pretext for plaintiff's unwillingness to pay his storage fees.

16.

The allegations in this paragraph are denied due to lack of specific information and justify belief therein other than to admit that no possessions of plaintiff were in fact auctioned off, and all belongings have been returned to plaintiff.

17.

The allegations of this paragraph are denied as written, other than it is admitted that plaintiff's belongings were not in fact auctioned and that an agreement was made for plaintiff pay for the storage of his belongings. Plaintiff failed to pay storage fees which are still due. In addition, all of the plaintiff's belongings have been returned to him.

18.

The allegations of this paragraph are admitted insofar as Paulk's Moving and Storage, Inc. did communicate with plaintiff regarding his failure to pay fees, however, any and all connotations of liability contained herein are denied.

19.

The allegations of this paragraph are denied in all respects. The assertions by plaintiff attempt to disguise, that fact that Paulk's Moving and Storage, Inc. stored plaintiff's belongings and plaintiff has refused to pay for their storage. Any and all allegations of liability, agreement to extend reach out consumer credit as defined by the Federal Consumer Credit Protection Act,

Truth and Lending Act, Fair Credit Billing Act, Unfair Credit Act are in fact misplaced and are therefore denied in their entirety.

20.

The allegations of this paragraph are denied insofar as none of the specific credit and consumer protection acts listed by plaintiff in paragraph 19 and 20 of this complaint apply in any fashion to the storage agreement. Further is specifically averred that the other named defendants Paulk's Moving and Storage, Inc., had no relationship with plaintiff and his naming of them as both individuals and other businesses with him he had no relationship is without foundation and subject to sanctions.

21.

The allegations of this paragraph are denied insofar as any legal novation, rescission, or reformation was achieved or agreed to. It is specifically averred that any payment by plaintiff was simply for storage fees incurred by for storage of his belongings by Paulk's Moving and Storage, Inc., it is further specifically averred that at no time did any of the other named defendants accept any payment from plaintiff nor reach any agreement with him.

22.

The allegations of this paragraph are denied in all respects. It is further specifically denied that any defendants other than Paulk's Moving and Storage, Inc. had any friend or business relationship with plaintiff. The individual defendants named herein dealt with plaintiff only in the capacity as employees of Paulk's Moving and Storage, Inc. The other business entities named as defendants herein had no relationship at any time with plaintiff.

23.

The allegations of this paragraph are denied except insofar that it is admitted that plaintiff did not make any payments on his storage unit after October of 2004.

24.

It is admitted Patricia Firmin, an employee of Paulk's Moving and Storage, Inc. at the time of the incidents complained, of sent an invoice for storage fees. Any and all connotations of liability contained herein are denied.

25.

The invoice referenced speaks for itself, although it is specifically denied that there were any modifications, or other agreed to by any defendant; further it is specifically and explicitly denied that there was any attempt to deliberately mislead or omit information and any and all connotations of liability contained in this paragraph are denied.

26.

It was admitted that attempts were made by employees of Paulk's Moving and Storage, Inc. on its behalf to collect the unpaid storage fees; any and all connotations of liability contained in this paragraph are denied.

27.

It was admitted that attempts were made by employees of Paulk's Moving and Storage, Inc. on its behalf to collect the unpaid storage fees and any and all connotations of liability contained in this paragraph are denied.

28.

The allegations of this paragraph are denied and defendants call for strict and specific proof. It is also specifically averred that there was any attempt deliberately mislead, deceive, or omit information. As can be seen from the text and substance of the complaint by plaintiff, plaintiff simply refused to pay his storage fees. Any and all connotations of liability contained in this paragraph are denied.

29.

Defendants reassert and reallege all affirmative defenses and specfially to responses 1 through 28 of the answer and response to the corresponding allegations of plaintiff's complaints of damages, as though set from herein, *in extenso*. Any and all connotations of liability contained in this paragraph are denied.

30.

It is specifically averred that there is no jurisdiction or basis for this Courts' declaratory judgment authority or jurisdiction to be evoked under 28 U.S.C. 2201 et seq. This is nothing more than a dispute over storage fees with a moving and storage company. Any and all connotations of liability contained in this paragraph are denied. It is specifically denied that any credit was extended or that any credit plan was extended or there was any contract was reformed, rescinded or otherwise modified by and between any defendant and plaintiff.

31.

It is specifically averred that this courts lacks subject matter jurisdiction under 28 U.S.C. 2201 et seq; any and all connotations of liability contained in this paragraph are denied.

32.

It is specifically averred that this courts' authority under 28 U.S.C. 2201 et seq. and 2202 do not attach, this court lacks subject matter jurisdiction over this action, and that no injunction is appropriate.

33.

It is specifically averred that the allegations of this complaint are without foundation and intended to harass and therefore defendants assert that sanctions will be appropriate and plaintiff should be responsible for all costs in this matter.

34.

Defendants reassert and reallege all affirmative defenses and answers to plaintiff's specific allegations contained here and above as though copied herein and denying all connotations of liability contained herein.

35.

The allegations of this paragraph are denied in all respects as to Lydia Selle, Sharon Quail and Rick Paulk and no open end credit appointed agreement within the meaning of any federal statue or state of Louisiana was reached. Further, it is specifically urged that none of the other defendants other than the three named in paragraph 35 are even alleged to have any part of this and thus plaintiff's suit and claims against them are specious, without foundation and actionable.

36.

It is admitted that plaintiff was sent bills and communications indicating past due

balances for storage to Paulk's Moving and Storage Inc.; any and all connotations of liability

contained in this paragraph are denied. It is further specifically denied that any defendant had

any obligation to make any of the "disclosures" or other items listed by plaintiff's complaint.

37.

Any email sent to plaintiff is the best evidence of his contents however it is specifically

denied that in the contract, breach of contract or breach of any duty of good faith and fair dealing

was breached any time by any defendant.

38.

It is admitted that Lydia Selle was an employee at all relevant times in the scope of her

employment with Paulk's Moving and Storage, Inc. Any and all connotations of liability

contained in this paragraph are denied

39.

The allegations of this paragraph are denied and defendants call for strict and specific

proof therof.

40.

The allegations of this paragraph are denied in all respects and it is specifically averred

that plaintiff's property has not be sold, there is no damages that can attach to plaintiff for any

alleged sale. Further it is specifically averred that there is no logical connection between

plaintiff's request for award of costs and failure to give notice of intention to sue had any

relationship to any alleged plaintiff property, which sale in any event did not take place, and that all of the plaintiff's belongings have been returned to him.

41.

Defendants reassert and reallege all affirmative defenses and answers to plaintiff's specific allegations contained herein above as though copied herein *in extenso* and deny all connotations of liability contained herein.

42.

It is admitted that each of these entities are engaged in commerce, however, any and all connotations of liability contained in this paragraph are denied. It is further specifically averred that Gulf Coast Relocation Systems, Inc., Data Management Archives of New Orleans, L.L.C. and Exhibit Transportation & Storage, Inc. dba Showtime Express had at no time any contact or a relationship with, the plaintiff and therefore have been improperly named as defendants in this action and defendants reserve the right to seek all available sanctions for this bad faith conduct in naming them as defendants in this matter.

43.

The allegations in this paragraph are denied except and insofar as any correspondence requesting any outstanding payment have been sent and such correspondence is the best evidence of its contents. However, it is specifically denied that any violation of any federal statute occurred nor was any intent in any fashion to defraud or act in an unlawful manner in any way. This further and specifically averred that the allegations of intentional and fraudulent contact by

these defendants are without foundation, defendants reserve all rights to seek sanctions for these allegations as well all available remedies.

44.

The allegations of this paragraph are denied as to all defendants other than Paulk's Moving and Storage Inc., with whom plaintiff has an ongoing service relationship and to whom plaintiff owes a debt. All other defendants have received no payment on an individually or corporate basis from the plaintiff. Any and all connotations of liability contained in this paragraph are denied.

45.

The allegations in this paragraph are denied in all respects and defendants call for specific proof of each and every element and allegation of "continuing court racketeering activity" "collection of an unlawful debt" asserted by plaintiff in this matter. These allegations are without foundation, specious, and actionable and defendants reserve all right to seek all available sanctions and remedies against plaintiff for filing such claims.

46.

The allegations of this paragraph are denied in all respects other then to admit any payment made to Paulk's Moving and Storage Inc. was for storage services and fees incurred by plaintiff. It is further admitted that certain of the named defendants, namely the business entities, are engaged in activities which may affect commerce. However this is irrelevant and nothing more that a pretext for naming all of these defendants in this matter as it is wholly irreverent the subject matter to any relationship between plaintiff and Paulk's Moving and Storage Inc.

Further, it is specifically averred that other than Paulk's Moving and Storage Inc., none of the other business entities named had at any time had any relationship or any dealings with the plaintiff.

47.

The allegations in this paragraph are denied in all respects and it is specifically averred that no acts of mail and wire fraud occurred in any fashion nor any "racketeering activity". Defendants call for strict and specific proof of each any every element hereof and specifically aver that allegations contained herein are specious, without foundation and subject to sanction and defendants reserve the right to pursue all available sanctions and remedies against plaintiffs for these claims.

48.

The allegations in this paragraph are denied and defendants call for strict and specific proof therof.

49.

The allegations in this paragraph are denied and defendants call for strict and specific proof therof.

50.

Defendants reassert and reallege all affirmative defenses and answers to plaintiff's specific allegations contained herein above as though copied herein *in extenso* and deny all connotations of liability contained herein.

51.

The allegations of this paragraph are denied in all respects as to Lydia Selle, Sharon

Quail and Patricia L. Firmin. The allegations regarding "racketeering activity" "collections of

unlawful debts" are denied in all respects. It is admitted that defendant Rick Paulk is a principal

in the named entities. None of the other individuals named have any proprietary interest in any

of these entities and these allegations are specifically denied. Further the entities named herein

are all lawfully incorporated entities under the laws of the state of Louisiana. It is specifically

denied that Gulf Coast Relocation Systems, Inc., Data Management Archives of New Orleans,

L.L.C. and Exhibit Transportation & Storage, Inc. dba Showtime Express, had any relationship

at any time or business dealings at any time with plaintiff.

52.

The allegations of this paragraph are denied in all respects and defendants call for strict

and specific proof of each any every alleged act of "mail and wire fraud" and ""racketeering

activity" be produced by plaintiff. These allegations are specious, without foundation and

subject to sanction and defendants reserve the right to pursue all available sanctions and

remedies against plaintiff for making these claims.

53.

The allegations of this paragraph are denied in all respects and defendants call for strict

and specific proof of each any every element therof.

54.

The allegations of this paragraph are denied in all respects and defendants call for strict and specific proof of each any every element therof.

55.

Defendants reassert and reallege all affirmative defenses and answers to plaintiff's specific allegations contained herein above as though copied herein *in extenso* and denying all connotations of liability contained herein.

56.

The allegations of this paragraph are admitted insofar as the individual defendant's "Rick Paulk, Lydia Selle, Patricia Firmin and Sharon Quail" are employed by or associated with Paulk's Moving and Storage Inc. It is specifically averred that Gulf Coast Relocation Systems, Inc., Data Management Archives of New Orleans, L.L.C. and Exhibit Transportation & Storage, Inc. dba Showtime Express have at no time had any relationship with plaintiff, Charles Lincoln, and it specifically averred that the claims against these defendants are specious without foundation and defendants reserve the right to pursue the all available sanctions and remedies against plaintiff for these claims.

57.

The allegations of this paragraph are denied in all respects and defendants call for strict and specific proof of each any every alleged act of " mail and wire fraud" and "racketeering activity" be produced by plaintiff. These allegations are specious without foundation and subject

to sanction and defendants reserve the right to pursue all available sanctions and remedies against plaintiff for making these claims.

58.

The allegations of this paragraph are denied in all respects and defendants call for strict and specific proof of each any every element therof.

59.

The allegations of this paragraph are denied in all respects and defendants call for strict and specific proof of each any every element therof.

60.

Defendants reassert and reallege all affirmative defenses and answers to plaintiff's specific allegations contained herein above as though copied herein *in extenso* and denying all connotations of liability contained herein.

61.

The allegations of this paragraph are admitted insofar as the individual defendants "Rick Paulk, Lydia Selle, Patricia Firman and Sharon Quail" are employed by or associated with Paulk's Moving and Storage Inc.  It is specifically averred that Gulf Coast Relocation Systems, Inc., Data Management Archives of New Orleans, L.L.C. and Exhibit Transportation & Storage, Inc. dba Showtime Express have at no time had any relationship with plaintiff, Charles Lincoln, and it specifically averred that the claims against these defendants are specious without foundation and defendants reserve the right to pursue the all available sanctions and remedies against plaintiff for these claims.

62.

The allegations of this paragraph are denied in all respects and defendants call for strict and specific proof of each any every alleged act of " mail and wire fraud" and "racketeering activity" be produced by plaintiff. These allegations are specious and without foundation and subject to sanction and defendants reserve the right to pursue all available sanctions and remedies against plaintiff for making these claims.

63.

The allegations of this paragraph are denied in all respects and defendants call for strict and specific proof of each any every element therof.

64.

The allegations of this paragraph are denied in all respects and defendants call for strict and specific proof of each any every element therof.

65.

Defendants reassert and reallege all affirmative defenses and answers to plaintiff's specific allegations contained herein above as though copied herein *in extenso* and denying all connotations of liability contained herein.

66.

It is specifically averred that there is no jurisdiction or basics for this courts' declaratory judgment authority or jurisdiction to be evoked under 28 U. S. C. 2201 et seq.. This is nothing more than a dispute over storage fees with a moving and storage company. Any and all connotations of liability contained in this paragraph are denied. It is specifically denied that any

credit was extended or that any credit plan was extended or there was any contract was reformed, rescinded or otherwise modified by and between any defendant and plaintiff.

67.

It is specifically averred that this Court lacks subject matter jurisdiction under 28 U.S.C. 2201; any and all connotations of liability contained in this paragraph are denied.

68.

It is specifically averred that this Court's authority under 28 U.S.C. 2201 and 2202 do not attach, this court lacks subject matter jurisdiction over this action, and that no injunction is appropriate.

69.

It is specifically averred that the allegations of this complaint are in fact specious, without foundation and intended to harass and therefore defendants assert that sanctions that will be appropriate and plaintiff should be responsible for all costs in this matter.

70.

Defendants reassert and reallege all affirmative defenses and answers to plaintiff's specific allegations contained here and above as though copied herein and denying all connotations of liability contained herein.

71.

The allegations in this paragraph are denied in all respects and it is specifically averred that the reference to federal statutes in no way have any bearing on the substance of this matter. The substance and sum total of the relationship, business or personal, between plaintiff and any

defendants was the storage of certain of plaintiff's belongings by Paulk's Moving and Storage Inc. and plaintiff's failure to pay for storage of same. There is nothing more, nothing less to this relationship and it is specifically averred that all else asserted in the seventy-one paragraph complaint by the plaintiff is nothing more than a diversion from his failure to pay these fees.

And now further answering defendants assert as follows:

72.

Plaintiff is not entitled to a jury as no subject matter jurisdiction attaches to this court. There is no issue triable to a jury in the complaint filed.

73.

It is specifically plead that all of plaintiff's belongings which were stored by Paulk's Moving and Storage, Inc. have been returned to him, and that plaintiff has suffered no damages.

74.

It is specifically plead that plaintiff, Charles Lincoln, has a past due balance to Paulk's Moving and Storage, Inc. of $7669.50 and that Paulk's Moving and Storage, Inc. is entitled to collection of this sum, and alternatively to a credit of this amount against any reward to plaintiff.

75.

It is specifically plead that plaintiff has made no showing of any basis for this Court's jurisdiction under any federal question or diversity and that he has named several of the defendants without having ever has a shred of contract with them, without paper investigation.

Wherefore, it is prayed this answer be deemed good and sufficient and that all claims in all respects against the defendants made by plaintiff, Charles Edward Lincoln III, be dismissed at plaintiff's costs.

Respectfully submitted,

Ethan N. Penn, Bar No. 24596
Musgrave, McLachlan, & Penn, L.L.C.
1515 Poydras St., Suite 2380
New Orleans, LA 70112
Telephone: (504) 799-4300
Facsimile: (504) 799-4301
Attorneys for Lydia Selle, Sharon Quail, Patricia L.
Firmin, Rick Paulk, Paulk's Moving & Storage,
Inc., Data Management of New Orleans, L.L.C.,
and Exhibit Transportation & Storage, Inc., dba
Showtime Express

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed this 6 day of September, 2006.

Ethan N. Penn